■ MILTON C. HILL, Respondent, v. WISTERIA HILL, Appellant.— In an action for divorce, in which the plaintiff husband seeks custody of a nine-year old boy born to the defendant wife during the marriage and at a time when the parties were living together as man and wife, and in which the wife, in her counterclaim for divorce and sole custody of the boy, denied the husband's allegation that said infant is the issue of the marriage between them, the wife appeals from an order of the Supreme Court, Queens County, dated January 3, 1964, which denied her motion inter alia: (a) to strike out the husband's complaint and reply to her counterclaim; (b) to direct that the issue of paternity of the infant be resolved in her favor; and (c) to grant a default judgment in her favor and against the husband by reason of his failure to submit to a physical and blood grouping examination pursuant to the wife's prior notice demanding such examination for the purpose of determining paternity (CPLR 3121). Order affirmed, without costs. In order to prove her claim of parentage, the wife, pursuant to subdivision (a) of section 3121 of the Civil Practice Law and Rules, moved for a blood grouping test. Special Term denied her motion. The propriety of such denial, under the circumstances here, must now be determined. The statute (CPLR 3121, subd. [a]) provides: "After commencement of an action in which the * * * blood relationship of a party * * * is in controversy, any party may serve notice on another party to submit to a * * * blood examination". Concededly, defendant lived with plaintiff as his wife from June, 1949 to March, 1960. The boy David was born during the year 1954. The court has power to direct a blood grouping test in an action where the legitimacy of a child is in issue (Kwartler v. Kwartler, 291 N. Y. 689; O'Brien v. O'Brien, 4 A D 2d 867; Anonymous v. Anonymous, 1 A D 2d 312). In the last case (Anonymous v. Anonymous, supra, p. 316), it was held: "Reason and logic, as well as a recognition of the modern advances in science, compel a determination that the presumption of legitimacy is not conclusive but rebuttable. The probative value of the results of skillfully conducted blood grouping tests has been widely accepted. The tests of course will be relevant only if they show noncompatibility as between the blood of defendant, the plaintiff, and the twins. If so, such evidence should be deemed conclusive as to nonpaternity." But unlike the case at bar, in the Anonymous case the husband was seeking a divorce; and, as proof of the alleged adultery, sought a blood test to prove the paternity of twins born to the defendant. Here, the defendant wife, who has counterclaimed for divorce and custody of the child, has concealed from plaintiff the true paternity of the child and has lived with the plaintiff, while the plaintiff has supported the child for six years and still claims to be the father of the child. In Matter of Findlay (253 N. Y. 1, 7–8) the court said: "Potent, indeed, the presumption [of legitimacy] is, one of the strongest and most persuasive known to the law * * * and yet subject to the

sway of reason. \* \* \* What is meant by these pronouncements, however differently phrased, is this and nothing more, that the presumption will not fail unless common sense and reason are outraged by a holding that it abides. If husband and wife are living together in the conjugal relation, legitimacy will be presumed though the wife has harbored an adulterer ". Common sense, public policy, reason and the overriding consideration for the welfare of the child will bar a wife from bastardizing her child where, as here, she lived with her husband as his wife during the period of conception and birth of the child and for six years thereafter — all the while concealing from him the adultery to which she now confesses for the sole purpose of securing the child's custody. It follows that the motion was properly denied and that the order should be affirmed. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.