■ In the Matter of MARION MANNAIN, Respondent, v. ROBERT LAY, Appellant.— In a proceeding to establish paternity, the appeal is from an order of the Family Court, Dutchess County, dated June 26, 1968, which adjudged appellant the father of the child. Order reversed, on the law and the facts, without costs, and petition dismissed. We agree with the holding of the trial court that the fact that petitioner was a married woman during the operative period in question is no bar to this paternity suit (see *Matter of Morris* v. *"White"*, 29 A D 2d 905; *Matter of "Anonymous"* v. *"Anonymous"*, 43 Misc 2d 1050; *Matter of Fitzsimmons* v. *De Cicco*, 44 Misc 2d 307; *Matter of Lee* v. *Stix*, 55 Misc 2d 940). However, while the proof was sufficient to establish a meretricious relationship between petitioner and appellant, in our opinion it fell far short of overcoming the presumption of legitimacy by failing to negate access on the part of petitioner's husband during the period when conception must have occurred (*Matter of Gray* v. *Rose*, 32 A D 2d 994; *Matter of Black* v. *Brown*, 27 A D 2d 683; *People* v. *Lewis*, 25 A D 2d 567; *Matter of Lee* v. *Stix, supra*). In the circumstances, petitioner failed to sustain her burden of proving appellant's responsibility by evidence so clear and convincing as to be entirely satisfactory (see *Matter of Commissioner of Welfare of City of N. Y.* v. *Fields*, 25 A D 2d 504; *Matter of Rebmann* v. *Muldoon*, 23 A D 2d

163, 164; *Phillips* v. *Tagliavini,* 275 App. Div. 1037). Christ, Rabin and Munder, JJ., concur; Beldock, P. J., and Benjamin, J., dissent and vote to affirm the order.