In the Matter of SHARON GG., Appellant, v DUANE HH., Appellant, and MICHAEL GG., Respondent.

Third Department, October 13, 1983

**APPEARANCES OF COUNSEL**

*Bernstein, Gitlitz & Sukloff (Donald M. Sukloff* of counsel), for Sharon GG., appellant.

*Twining, Nemia, Hill & Steflick (James C. Gacioch* of counsel), for Duane HH., appellant.

*Aswad & Ingraham (Richard N. Aswad* of counsel), for respondent.

**OPINION OF THE COURT**

LEVINE, J.

Petitioner wife and respondent husband were married in 1976 and lived together continuously until September of

1982. The wife gave birth to a child in June, 1980. In September, 1982, the wife left the marital residence with the child. The husband was awarded visitation rights by order of the Family Court. Negotiations between the parties toward a resolution of their marital disputes during the fall of 1982 were unsuccessful, although the husband continued to make regular, substantial child support payments. In late November, 1982, the wife was held in contempt of the Family Court's earlier order of visitation. It was then that she commenced the instant paternity proceeding. In her original petition, she named only her current boyfriend as the father and joined the husband only as an interested party. In an amended petition, however, she also named the husband as "an alleged father". The purpose of this amendment admittedly was to take advantage of section 532 of the Family Court Act to compel her husband to submit to an HLA blood test whereby his parentage could scientifically be excluded (a prior HLA test of her boyfriend had established a high probability of his paternity). The husband objected to the test and moved to dismiss the petition. Family Court refused to order the test and dismissed the petition, alluding to principles of equitable estoppel and public policy and to the welfare of the child as militating against any proceeding which would result in a determination that the child was illegitimate, under the circumstances of the case. Both the wife and her boyfriend have appealed.

Initially, we reject the husband's contention that, because the wife's objective in bringing this proceeding was to determine the *status* of the child as being the son of her boyfriend and not his, her action should properly have been brought as a declaratory judgment in Supreme Court rather than as a paternity proceeding in Family Court. It is true that paternity jurisdiction was originally created solely as a vehicle to identify persons liable for the support of children born out of wedlock and not to decide parental status (*Commissioner of Public Welfare of City of N. Y. v Koehler,* 284 NY 260, 266). However, more recent developments, notably the enactment giving putative fathers the right to initiate paternity proceedings (Family Ct Act, § 522, as amd by L 1976, ch 665, § 6) and numerous other

laws conferring rights and benefits flowing from an order of filiation, have largely eroded the general proposition that a paternity proceeding may not be brought to determine status (see *Matter of Leromain v Venduro,* 95 AD2d 80; *Matter of Kordek v Wood,* 90 AD2d 209). Consequently, that the petition was not brought to fix liability for support did not deprive Family Court of jurisdiction to entertain it.

■ Turning, then, to the merits, we agree with Family Court's dismissal of the petition. Uncontested sworn allegations by the husband establish that he and the wife had sexual relations continuously and frequently throughout the period they lived together, including the critical period for conception; that never before December of 1982, some two and one-half years after the child's birth and only after the wife was thwarted in her attempt to deny him visitation, did she express any question concerning paternity; that throughout the period of the marriage, she held the child out as her husband's son, designating him as the father in the birth certificate and baptismal rites; that she accepted support for the child while they lived together and after they separated; and that she permitted a strong parent-child bond to be formed between the husband and the child. These facts are sufficient, under the case law, to establish prima facie a defense for the husband on the basis of equitable estoppel (*Matter of Boyles v Boyles,* 95 AD2d 95; *State of New York ex rel. H. v P.,* 90 AD2d 434, 440; *Hill v Hill,* 20 AD2d 923, 924).

Estoppel is equally as applicable to a paternity proceeding in Family Court as it was to the divorce actions in the cited cases. In each instance, the purpose of the challenge to the paternity of the mother's husband was to deprive him of his parental rights and status, with a concomitant loss of rights and status for the child. Nor is it sufficient to distinguish these cases, as suggested by the wife, on the basis that, uniquely here, there is an identified putative father whose paternity may be established as an alternative to that of the mother's husband (cf. *State of New York ex rel. H. v P., supra*). Identifying the child's true father and adjudicating paternity would not alter its illegitimate status. Further steps would still have to be taken to legitimate the child and, even more importantly, to replace the

husband in a functional parent-child relationship. We note that in *State of New York ex rel. H. v P. (supra)*, the mother was prepared to take those very steps through marriage to the man with whom she was then living and his adoption of the child; yet this was not deemed sufficient to defeat an estoppel.

Once the husband had claimed paternity and had made the requisite showing of operative facts to support an estoppel, it was incumbent upon the wife to show why an estoppel should not be applied in the best interests of the child (*Matter of Boyles v Boyles, supra*). The wife totally failed to come forward here with any such showing and waived the opportunity to present evidence on this issue at a fact-finding hearing. Indeed, the only argument on best interests she has advanced before this court is the desirability that the child know its true father. This alone is not sufficient to overcome the undisputed equities in the husband's favor nor the benefits to the child accruing by preserving its legitimacy. Consequently, Family Court correctly dismissed the petition.

The order should be affirmed, with costs.

SWEENEY, J. P., KANE, CASEY and WEISS, JJ., concur.

Order affirmed, with costs.