■ In the Matter of VILMA J., Respondent, v WILLIAM L., Appellant.—In a proceeding pursuant to Family Court Act article 5 to establish paternity and for an order of support, the appeals are from (1) an order of the Family Court, Queens County (Gage, J.), dated November 16, 1987, which, after a hearing, adjudged the appellant to be the father of the child, and (2) an order of the same court (Dolinsky, H.E.), dated March 17, 1988, which, upon the adjudication that the appellant was the father of the child, ordered him to make support payments.

Ordered that the appeal from the order dated November 16,

1987 is dismissed, without costs or disbursements; and it is further,

Ordered that the order dated March 17, 1988 is affirmed, without costs or disbursements.

The appeal from the order dated November 16, 1987 must be dismissed (see, Family Ct Act § 1112), but the issues raised on that appeal are brought up for review on the appeal from the dispositional order dated March 17, 1988.

In this paternity proceeding, the petitioner, a married woman, sought to have the appellant adjudged the father of her child Nicohle, who was born during the marriage of the petitioner to another. The appellant contends that the presumption of legitimacy (see, Matter of Findlay, 253 NY 1; see also, Matter of Fay, 44 NY2d 137) has not been rebutted on the facts. However, in the case at bar, the petitioner introduced evidence that the appellant had a sexual relationship with her and that at the time of probable conception she did not have such relations with any other man, including her husband. There was also the testimony of the petitioner's husband that he had seen the appellant at the marital residence some 10 to 15 times, and there was the unimpeached testimony of Nicohle that the appellant had told her that he was her father, had adopted a fatherly role towards her and that they enjoyed a good relationship. Finally there was the HLA test which indicated a plausibility of paternity score of 98.47%. Therefore, the petitioner successfully rebutted the presumption (see, Matter of Constance G. v Herbert Lewis L., 119 AD2d 209).

The appellant also contends that the doctrine of equitable estoppel should be applied to bar this proceeding as it was not commenced until Nicohle was 12 years old. There is no doubt that the doctrine of equitable estoppel can apply to paternity proceedings (see, Matter of Sharon GG. v Duane HH., 63 NY2d 859; Matter of Ettore I. v Angela D., 127 AD2d 6; Hill v Hill, 20 AD2d 923, 924). However, it is clear that this is not a case involving a belated challenge to paternity as a result of which "innocent victims * * * would be deprived of any protection under the law" (Matter of Ettore I. v Angela D., supra, at 16). Nicohle never believed herself to be the legitimate child of the petitioner's husband, and the husband never recognized Nicohle as his child. There are therefore no "undisputed equities in the husband's favor nor the benefits to the child accruing by preserving its legitimacy" (Matter of Sharon GG. v Duane HH., 95 AD2d 466, 468-469). Indeed, to apply the estoppel doctrine would have the very consequence which the doctrine

was intended to prevent, that is, the substitution of a stranger for someone who, as a consequence of years of concern and love, had become the " ' "psychological" parent' " *(Matter of Ettore I. v Angela D., supra,* at 15). In this case, the psychological parent is the true parent who now seeks to disclaim paternity by the erroneous use of the estoppel doctrine.

Finally, we find no improvident exercise of discretion in the Family Court's refusal to appoint a Law Guardian to represent Nicohle's interests. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.