OPINION OF THE COURT
Jeffry H. Gallet, J.
Petitioner seeks to establish that he is the father of respondent Jennifer Plank (the child), born out of wedlock to respondent Marsha Plank (the mother), over 18 years ago.
The child moves to dismiss the petition and asserts that she *744 has lived independent of her mother since the age of 15 and now supports herself and her own infant son. She maintains that the only person she ever knew to be her father is now deceased and that she has had no relationship whatsoever with petitioner. She avers that she knows him only as an often-incarcerated ex-boyfriend of her mother and objects to having a father-daughter relationship imposed on her and to the invasion of privacy to which being forced to submit to blood tests would subject her.
Seventeen and one-half years old when this petition was filed, the child argues that petitioner should be estopped from pursuing this action for an order of filiation. Raising the doctrine of equitable estoppel, she argues, in essence, that the petitioner’s loches should ban this proceeding.
The petitioner argues that the doctrine is inapplicable here. He asserts that the factual basis of the child’s argument has not been proven and, even if assumed, does not present the circumstances that would make a finding of petitioner’s paternity anything other than in the child’s best interests.
The mother has not submitted papers on this motion, although her attorney supported the motion to dismiss on oral argument.
ISSUE
The question presented by this motion is whether the doctrine of equitable estoppel may be invoked to prevent petitioner’s assertion of a claim of paternity.
THE LAW
Petitioner’s right to file this paternity petition eight months before this child turned 18 arises under Family Court Act § 517, which authorizes such proceedings until the 21st birthday of a child. The child argues that petitioner should be banned from exercising his right under that statute.
In general, the doctrine of equitable estoppel may be applied, in the interest of fairness, to preclude the assertion of a right which would work an injustice or fraud against another affected by the exercise of such right who, in justifiable reliance on the opposing party’s inaction, acted in the belief that such right would not be asserted. (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184.) The defense may also arise to preclude the exercise of a right after a *745 lapse of time where it would be inequitable to allow such exercise. (Matter of Ettore I. v Angela D., 127 AD2d 6, 12 [2d Dept 1987], citing 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 27.)
Equating his petition to establish his paternity to legitimizing the child, the petitioner cites Ettore I. (supra, at 13) a leading case in the application of equitable estoppel to paternity proceedings, for the proposition that the doctrine is only used to "zealously safeguard the welfare, stability and best interests of the child by rejecting untimely challenges affecting his or her legitimacy.” Indeed, that has been the only application to date. (See, e.g., Matter of Sharon GG. v Duane HH., 95 AD2d 466 [3d Dept 1983], affd 63 NY2d 859 [1984]; Hill v Hill, 20 AD2d 923 [2d Dept 1964]; Matter of Boyles v Boyles, 95 AD2d 95 [3d Dept 1983].)
In each of those cases, a party was estopped from asserting that another was not the father of a child and the presumption of legitimacy and the prospect of bastardizing a child weighed heavily in the determination of a child’s best interests. However, other factors, including the lapse of time since a child’s birth before a claim or right was asserted and the psychological bond, emotional commitment and financial support that characterized an allegedly nonbiological father’s relationship with the child, were considered.
The threshold question is what is the purpose of a filiation proceeding? The purpose of paternity proceedings is no longer simply to fix support liability but can be brought to establish status. (Matter of Sharon GG. v Duane HH., 95 AD2d 466, 467-468, supra.) In addition, the Family Court can issue orders of custody and visitation. (Family Ct Act §§ 511, 549.)
The child is now over 18 and emancipated. Any issues of support, custody or visitation are moot. (Family Ct Act § 413 [1] [b] [2]; § 651.) Only the issue of status remains.
The undisputed facts are that the child last saw petitioner at the age of six and that their next, and last, contact occurred when the mother allowed him to view her as she slept at about age 13, in 1986. He does not aver that he provided support for her or attempted in any way to establish a personal or legal bond with her. Nor does he offer an excuse or explanation for his failure to assert his paternity rights which normally carry a concomitant support obligation, no longer subject to enforcement here.
All of the cases discussed have in common the issue of the *746 child’s best interests and this case is no different. What does set it apart is petitioner’s unconscionable and unexplained delay in bringing this proceeding and his failure to respond to the child’s allegations of fact regarding her lack of a relationship with him. Once the child made the requisite showing of operative facts to suffice an estoppel, it was incumbent upon the petitioner to show why an estoppel should not be applied in the best interests of the child. (Matter of Sharon GG. v Duane HH., supra, at 469.) This he has failed to do.
DECISION
Nothing is to be gained by foisting upon an unwilling adult the status of being petitioner’s child. This man who for 18 years consistently avoided providing either financial or emotional support for the child now wishes to shame her by having her declared the child of a criminal. The Legislature never intended for Family Court Act § 517 to be used as an instrument to harm either children or adults.
The petition is dismissed.