■ WILLY G., Appellant, v DEBRA B. et al., Respondents.—In an action for a judgment declaring the plaintiff to be the father of a certain child and related relief, the plaintiff appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), dated May 11, 1990, which (1) denied his motion for summary judgment, (2) upon searching the record, declared that he is not the biological father of the child, and, (3) in effect, dismissed the remainder of the complaint.

Ordered that the judgment is reversed, without costs or disbursements, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial.

In his complaint, the plaintiff requested a judgment (1) declaring him to be the natural father of a certain child, and (2) correcting so much of a prior judgment of divorce, entered in a prior matrimonial action between the two defendants, to delete any reference to the child. Both of the defendants consented to the relief requested by the plaintiff.

Confronted with the defendants' consent, and with a Human Leucocyte Antigen (hereinafter HLA) test showing that there is a 99.6% likelihood that the plaintiff is in fact the child's biological father, the Supreme Court determined that the plaintiff's motion for summary judgment should be granted. However, prior to the entry of any judgment, the Supreme Court, upon reconsideration, appointed a Law Guardian for the child in question. It was not until after the Law Guardian had issued his report that the Supreme Court issued the judgment appealed from. We reverse, and remit the matter to the Supreme Court, Kings County, for a trial.

In his report, the Law Guardian acknowledged that the child in question visits with the plaintiff twice a week and that she considers the plaintiff to be her father and that she considers the codefendant to be her "stepfather". However, the Law Guardian also noted that the child's mother was reluctant to admit the plaintiff's paternity as a matter of fact, although she apparently consents to the entry of a judgment

by the court declaring the plaintiff to be the father. The Law Guardian asserted that the mother's refusal to acknowledge the plaintiff's paternity as a matter of fact, in and of itself, warranted dismissal of his complaint. We disagree with this conclusion.

Assuming, as the evidence in the record tends to establish, (1) that both defendants knowingly consented to a decree of paternity in the plaintiff's favor, (2) that, according to an HLA test, there is a 99.6% probability that the plaintiff is in fact the child's father, and (3) that the child herself considers the plaintiff to be her father, we see no reason why the relief requested by the plaintiff should not be granted. The doctrine of equitable estoppel is not operative under these circumstances (see, Matter of Vilma J. v William L., 151 AD2d 758, 759; cf., Matter of James PP. v Paul QQ., 65 NY2d 994).

The Law Guardian's recommendation seems to be based on the view that the presumption of legitimacy may be rebutted only if the mother expressly acknowledges that her child is the offspring of an adulterous relationship, and that other factors, most notably the best interests of the child herself, are immaterial. There is no support for this position. The case of Matter of Ettore I. v Angela D. (127 AD2d 6), relied upon by the Supreme Court, is distinguishable, because in that case it had been shown, after a hearing, that the husband and presumed father was considered by the infant to be her "Daddy" (Matter of Ettore I. v Angela D., supra, at 11). Also, in that case, both of the child's "legitimate" parents opposed the petition.

Although the Law Guardian based his recommendation solely on the mother's failure to acknowledge the plaintiff's paternity, he also called into question the validity of the written consents filed by the defendants, as well as the validity of the HLA test. These are questions which may be addressed at the trial, together with all of the other issues relevant to a determination of the plaintiff's action. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.