■ In the Matter of KIM MARIE V., Appellant, v MICHAEL S., Respondent. (Appeal No. 1.) [601 NYS2d 719] —Order unanimously affirmed without costs. Memorandum: Petitioner's child, now 5½ years old, was conceived while petitioner was married. The child has lived with petitioner and petitioner's husband for most of her life and for all of her life the husband has been supporting her and has been known as her father. After recently commencing a divorce action, petitioner commenced this filiation proceeding in Family Court alleging that someone other than her husband was the father of the child. The person she alleges to be the father denies paternity, whereas her husband desires to continue his relationship as the child's father and he continues to support the child. Based upon those undisputed facts, Family Court properly denied, upon reconsideration, petitioner's application for a blood test and properly dismissed the petition.

"Common sense, public policy, reason and the overriding consideration for the welfare of the child will bar a wife from bastardizing her child where, as here, she lived with her

husband as his wife during the period of conception and birth of the child and for * * * years thereafter" *(Hill v Hill,* 20 AD2d 923, 924) and where the husband has supported and nurtured the child for all of the child's life. Estoppel is especially appropriate here, where petitioner waited almost six years to bring this filiation proceeding and where the husband desires a continuing relationship with the child and the alleged father, a stranger to the child, denies paternity *(see, e.g., Matter of Ettore I. v Angela D.,* 127 AD2d 6; *Matter of Boyles v Boyles,* 95 AD2d 95, 97-98). "No purpose would be served by branding the child 'illegitimate' and depriving her of the only father she has ever known" *(Vito L. v Filomena L.,* 172 AD2d 648, 651). (Appeal from Order of Niagara County Family Court, Halpin, J.—Paternity.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.