■ In the Matter of JAMES BB., Appellant, v DEBORA AA., Appellant, and ROBERT AA., Respondent. (And Another Related Proceeding.) [609 NYS2d 361] —Mikoll, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Family Court of Putnam County (Sweeny, Jr., J.), entered October 10, 1991, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate petitioner as the father of a child born to respondent Debora AA.

Respondents, Debora AA. and Robert AA., were married in September 1983. In March 1987 Debora became acquainted with petitioner and they subsequently developed a sexual relationship. Debora became pregnant in April or May 1987 and had a son in January 1988. In August 1988 Robert discovered via an anonymous letter that Debora was having an affair. Marital difficulties ensued and, as a result, Debora and Robert separated. Debora and petitioner then began living together.

Robert and Debora executed a separation agreement in January 1989 which recited that they had "one child of th[eir] marriage" and contained the parties' agreement that neither one would initiate or permit the designation "father" or "mother" or their equivalents to be used by the child with respect to other persons. The judgment of divorce, which incorporated but did not merge into the terms of their separation agreement, was entered in June 1989.

Petitioner then commenced this proceeding seeking a declaration of paternity alleging, inter alia, that he was the father of the child. In April 1991, Family Court ordered a hearing to determine if the doctrine of equitable estoppel should be applied to bar petitioner from asserting his claim of paternity. Following a fact-finding hearing, the Law Guardian expressed the opinion that the claim that petitioner and Debora failed to commence a paternity proceeding earlier because of intimidation was not credible and also noted that petitioner's concern appeared to be merely that the child have his name.

Family Court concluded that, *inter alia,* petitioner failed to show why equitable estoppel should not apply in view of the fact that petitioner and Debora permitted Robert and the child to develop a full-fledged relationship for over three years before initiating this proceeding, in spite of their alleged knowledge of questions regarding paternity. Family Court stated its concern that there were false statements in two filed petitions alleging violence against Robert. Family Court therefore dismissed the petition.

The order of Family Court should be affirmed. Petitioner's and Debora's contention that Family Court abused its discretion in applying the doctrine of equitable estoppel to bar further proceedings in petitioner's paternity proceeding is without merit.

It is well established that estoppel applies to prevent the enforcement of rights which would work a fraud or injustice upon the person against whom enforcement is sought and who, in reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that enforcement of any purported rights would not be sought *(Matter of Boyles v Boyles,* 95 AD2d 95, 97; *see, Matter of Ettore I. v Angela D.,* 127 AD2d 6). The record fully supports the factual conclusions reached by Family Court and its resolution of issues of credibility is entitled to great deference *(see, e.g., Purificati v Paricos,* 154 AD2d 360, 361).

Petitioner claims that he delayed in commencing a paternity proceeding because of alleged threats made by Robert, but the record does not contain credible evidence to substantiate petitioner's claim. Petitioner asserts that he was unaware that the separation agreement required the child to call Robert "daddy" and that the child be called by Robert and Debora's surname. Debora's testimony regarding sexual relations with Robert and with petitioner does not establish that Robert is not or could not be the father of the child. After the child's birth Debora brought the child to her home, where she and the child resided with Robert. Robert testified that he was very happy with the birth of the child and that the first notice he had of Debora's unfaithfulness was from the anonymous letter he received in August 1988. He stated that they thereafter went to counseling and separated approximately two months later. Robert further testified that he has regularly paid child support and has not missed visitations.

Of paramount concern here is the best interest of the child *(see, Matter of Ettore I. v Angela D.,* 127 AD2d 6, 14, *supra)*

and that interest would not be served by separating the child from Robert after three years of a father-son relationship. The law strongly favors maintaining the legitimacy of children (supra, at 16; see, Matter of Sharon GG. v Duane HH., 95 AD2d 466, 469, affd 63 NY2d 859). Additionally, Debora and Robert were named as the parents on the child's birth and baptismal certificates. It was petitioner and Debora who allowed the nurturing father-son relationship between the child and Robert to develop and grow here, and there is no valid or substantial reason not to apply the doctrine of equitable estoppel against them.

The claim that petitioner and Debora were denied their constitutional right to receive effective assistance of counsel in this civil proceeding, where they retained counsel of their own choosing, is not maintainable (see, Department of Social Servs. v Trustum C. D., 97 AD2d 831, lv denied 61 NY2d 605).

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.