■ In the Matter of GLENN T., Appellant, v DONNA U., Respondent. [640 NYS2d 297] —Mikoll, J. P. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered November 22, 1994, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5, to adjudicate petitioner as the father of a child born to respondent.

Petitioner commenced this proceeding seeking a declaration of paternity alleging, *inter alia*, that he is the father of a child born to respondent out of wedlock in June 1987. The proceeding was dismissed on motion of respondent on the papers submitted and without a hearing. This appeal ensued.

Based on the affidavits submitted, it is uncontested that the name of Lewis U. is on the child's birth certificate as his father; that an order of filiation was issued naming Lewis U. as the father of the child in which respondent and Lewis U. appeared; that Lewis U. married the child's mother shortly after the child's birth and that he has supported the child and lived in a family unit with the child and its mother for some seven years, except for a brief period in 1992. It is also admitted in the petition that petitioner knew of the child's birth from its inception and took no legal steps to assert his alleged paternity.

Under these circumstances, the doctrine of equitable estoppel bars further action in petitioner's paternity proceeding (*see, Matter of James BB. v Debora AA.*, 202 AD2d 852, 853). The lapse of seven years since the child's birth, plaintiff's failure to commence a proceeding earlier and his failure to contribute to the child's maintenance in any measure supports dismissal of the petition without a hearing. The child's best interest would not be served by permitting, at this late juncture, a disruption of the family relationships which he has come to know and rely on for so long a time (*see, David L. v Cindy Pearl L.*, 208 AD2d 502).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.