(May 8, 1997)

■ In the Matter of LORIE F., Appellant, v RAYMOND F., Respondent. (And Another Related Proceeding.) [657 NYS2d 235] —Spain, J. Appeal from an order of the Family Court of Tioga County (Callanan, Sr., J.), entered May 12, 1994, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to compel respondent to submit to a blood test.

Petitioner and respondent were married in November 1985. Petitioner gave birth to a daughter in April 1986; respondent was named as the father on the child's birth certificate. The parties separated in 1991 and in March 1992, by order entered upon stipulation of the parties, Family Court awarded joint custody to the parties with physical custody to respondent and visitation to petitioner. In June 1993 Supreme Court granted respondent an uncontested divorce wherein respondent was awarded custody of the child; all legal documents in prior court proceedings referred to respondent as the father of the child. Petitioner also referred to respondent as the father of the child when she was requesting physical custody in a prior custody modification petition. The child has continuously resided with

respondent since her birth except for a short period following the separation of the parties in 1991, when petitioner left with the child. Shortly thereafter petitioner returned the child to respondent.

Petitioner commenced the instant custody proceeding by filing an amended modification petition seeking legal and physical custody of the child based on an alleged change in circumstances and requesting that respondent be required to undergo blood-grouping tests in order to conclusively determine that he was not the father of the child. Petitioner also commenced a separate paternity proceeding against respondent and a former boyfriend, contending that the former boyfriend is the actual father of the child and requesting that Family Court compel both respondent and the former boyfriend to submit to blood-grouping tests in order to determine whether either of them could be excluded as being the father. Petitioner also made a written motion for such relief. In addition to denying the material allegations in petitioner's amended custody petition and paternity petition, respondent interposed the affirmative defense of equitable estoppel claiming that petitioner was precluded from either demanding blood-grouping tests or requesting that the fact of respondent's paternity be set aside. Family Court determined that the evidence was sufficient to establish a prima facie defense of equitable estoppel for respondent, denied petitioner's motion to compel respondent to submit to a blood-grouping test and dismissed the paternity petition. Petitioner appeals.

We affirm. It is settled law that the doctrine of equitable estoppel may be raised as a defense to preclude a party from being compelled to submit to a blood-grouping test (*see, David L. v Cindy Pearl L.*, 208 AD2d 502, 503; *see also, Matter of Sharon GG. v Duane HH.*, 95 AD2d 466, *affd* 63 NY2d 859). "It is well established that estoppel applies to prevent the enforcement of rights which would work a fraud or injustice upon the person against whom enforcement is sought and who, in reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that enforcement of any purported rights would not be sought" (*Matter of James BB. v Debora AA.*, 202 AD2d 852, 853 [citations omitted]). Furthermore, courts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship (*see, Matter of Baby Boy C.*, 84 NY2d 91, 102, n).

Here, petitioner for almost eight years not only represented that respondent was the father of her child but also created an

opportunity for and effectively encouraged development of the parent-child relationship between respondent and the child. Additionally, she had the opportunity in both the prior custody proceedings and in the divorce action to allege and prove that respondent was not the biological father of the child and she failed to do so. Respondent, in enthusiastically maintaining custody of the child, can be said to have relied upon petitioner's representation that he was the father of the child and injustice will result if petitioner is permitted to compel respondent to undergo a blood-grouping test and definitively establish that the only father the child has known throughout her entire life is not in fact her father.

Accordingly, we conclude that Family Court correctly applied the doctrine of equitable estoppel against petitioner. In our view, any other determination would not have served the child's best interest (*see*, *Glenn T. v Donna U.*, 226 AD2d 803; *Mancinelli v Mancinelli*, 203 AD2d 634, 635). Based upon the foregoing analysis we also conclude that Family Court's dismissal of petitioner's paternity proceeding was proper.

Cardona, P. J., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.