Hossein MILANI, Plaintiff–Appellant,

v.

**INTERNATIONAL BUSINESS MACHINES CORP.,** Defendant–Appellee.

**Docket No. 04–4076–CV.**

United States Court of Appeals, Second Circuit.

July 1, 2005.

Robert Popper, The Law Offices of Neal Brickman (Neal Brickman, on the brief), New York, NY, for Appellant.

---

Zachary D. Fasman, Paul, Hastings, Janofsky & Walker (Allan S. Bloom, on the brief), New York, NY, for Appellee.

Present: JACOBS, LEVAL, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Hossein Milani appeals from an order entered on June 17, 2004 by the District Court for the Southern District of New York (Mukasey, *C.J.*), granting defendant-appellee IBM Corporation's motion for summary judgment. Milani alleges that IBM discriminated against him on the basis of age and national origin in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296 ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8–107 and 8–502 *et seq.* ("NYCHRL"). We assume familiarity with the facts, the procedural history, and the issues on appeal.

A grant of summary judgment is reviewed *de novo. See Young v. County of Fulton,* 160 F.3d 899, 902 (2d Cir.1998). This Court is required to construe the evidence in the light most favorable to the non-moving party and to draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.,* 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

In response to Milani's claim of discrimination on the basis of age and national origin, IBM asserted that he was discharged because of his violation of the employer's published policy prohibiting romantic or sexual relationships between supervisors and supervised persons. In light of IBM's very strong evidence supporting its contention and Milani's very weak, or virtually non-existent, evidence of prohibited discrimination as the motive for his termination, a jury could not reasonably find in Milani's favor. *See Fisher v. Vassar College,* 114 F.3d 1332, 1346–47 (2d Cir.1997) (*en banc*).

2. Milani cites numerous acts by IBM personnel during his 16–year tenure (in addition to his termination) that he contends were discriminatory. He does not contend that claims based on these acts accrued within the three-year statute of limitations for the NYSHRL and NYCHRL. *See* N.Y. CPLR § 214(2); N.Y.C. Admin. Code § 8–502(d). Rather, Milani claims that he may assert these claims based on either a delayed accrual, equitable estoppel, or equitable tolling theory. The district court properly held that Milani is not entitled to delayed accrual, and did not abuse its discretion in holding that equitable tolling and estoppel are unwarranted in this case. *See Zerilli–Edelglass v. NYC Trans. Auth.,* 333 F.3d 74, 81 (2d Cir.2003); *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1176 (9th Cir.2000); *James BB v. Debora AA,* 202 A.D.2d 852, 853, 609 N.Y.S.2d 361 (N.Y.App.Div.1994).[1]

---

1. For the first time in his reply brief, Milani claims that we can consider any time-barred acts of discrimination as "background evidence" in support of his termination claim, citing *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). This argument has been waived. *See Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 n. 4 (2d Cir.1998) (failure to raise argument until reply brief constitutes waiver).

We have considered all of Milani's claims and find each of them to be without merit.

The judgment of the district court is therefore **AFFIRMED.**[2]

---

**2.** We grant Milani's motion to supplement the record on appeal, and have considered the submitted materials in deciding this case.