*218 OPINION OF THE COURT
Richard S. Lawrence, J.
This matter was referred to this court by the Support Magistrate for determination as to whether the petitioner may invoke the doctrine of equitable estoppel to deny respondent’s request for genetic testing in this paternity proceeding.
Upon the initial appearance of the parties, this court assigned the Nassau County Legal Aid Society to represent the respondent and County Law article 18-b counsel to represent the petitioner. The Support Magistrate assigned a Law Guardian prior to the referral to this court. This court then established a schedule for submission of papers on the issue of equitable estoppel.
The court has reviewed the procedural history of this matter. On or about September 5, 2006, the petitioner filed two petitions, under docket numbers P — and P — , requesting that orders be made declaring the respondent to be the father of the children, D.A., born in 1999, and R.Y, born in 1998, and for orders of support.
The parties appeared for conference before the Support Magistrate on October 11, 2006, when the respondent requested genetic testing be conducted before admitting to paternity of the children. The court file reflects that the respondent told the Support Magistrate that, although the children refer to him as “dad,” he is requesting genetic testing because he would “like to be sure.” The Support Magistrate then assigned a Law Guardian, and the matter was adjourned for further proceedings.
On the adjourned date of November 29, 2006, the court file shows that the Law Guardian advised the Support Magistrate that the children recognize the respondent to be their father and that the respondent spent holidays with them. The respondent renewed his request for genetic testing before admitting to paternity. The matter was referred to this court for determination as to whether the petitioner could invoke the doctrine of equitable estoppel to prevent respondent’s request for genetic testing.
The court then set a schedule for submission of papers on this issue. The petitioner filed a notice of motion on or about January 16, 2007, requesting that an order be made “estopping” the respondent, pursuant to Family Court Act § 418 (a), from obtaining genetic testing to disprove paternity of the chil *219 dren. The Law Guardian filed an affirmation on or about February 5, 2007, arguing against genetic testing. On or about February 6, 2007, the respondent filed an affirmation in opposition to petitioner’s motion to preclude genetic testing. The petitioner filed a reply affidavit on or about February 16, 2007.
The doctrine of equitable estoppel is invoked to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party’s words or conduct, has been misled into acting upon the belief that such enforcement would not be sought. (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982].)
The Family Court Act provides that in a paternity matter, the court may not order genetic testing where the court has issued a written finding that it is not in the best interests of the child on the basis of equitable estoppel. (Family Ct Act § 418 [a].)
The paramount concern in an equitable estoppel case is the best interests of the children. (See Matter of Louise P. v Thomas R., 223 AD2d 592 [2d Dept 1996]; Jean Maby H. v Joseph H., 246 AD2d 282 [2d Dept 1998]; Matter of Griffin v Marshall, 294 AD2d 438 [2d Dept 2002]; Matter of Greg S. v Keri C., 38 AD3d 905 [2d Dept 2007].) The evidence should be construed from the child’s perspective and the factors to be considered in determining whether the best interests of a child would be served by paternity testing include the child’s interest in knowing with certainty the identity of his or her biological father, whether the identity of others who may be proven to be his or her father is known or likely to be discovered, the traumatic effect the testing may have on the child, and the impact, if any, that the uncertainty as to paternity might have on the father-child relationship if testing were not ordered. (Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1134 [3d Dept 2006].)
Equitable estoppel may be raised as a defense to preclude a party from being compelled to submit to genetic testing. (See Matter of Lorie F. v Raymond F, 239 AD2d 659 [3d Dept 1997].) However, the moving party bears the burden to show by clear and convincing evidence that he/she is entitled to invoke the doctrine of equitable estoppel. (See Matter of Sandra S. v Larry W., 175 Misc 2d 122 [Fam Ct, Bronx County 1997]; M.S. v K.T., 177 Misc 2d 772 [Fam Ct, Rockland County 1998]; Matter of Commissioner of Social Servs. v W.L., 9 Misc 3d 973 [Fam Ct, Nassau County 2005, Lawrence, J.]; 57 NY Jur 2d, Estoppel, Ratification, and Waiver § 72.)
*220 Here, the petitioner is requesting that this court issue an order “estopping” genetic testing. The petitioner’s moving papers allege that respondent resided with her and the children between 1997 and 2004 when respondent was “thrown out” of the home by petitioner due to his “disorderly conduct”; respondent was present at the hospital when each child was born; respondent spent the last two Christmases with the children; although respondent would not execute acknowledgments of paternity for the children, he is their “biological” father; the respondent has always “held himself out” to be the children’s father; no other man has been in the children’s lives; respondent objects to being adjudicated the father because he does not want to pay child support; and the children would be devastated if told the respondent is not their “biological” father.
The petitioner must submit evidentiary proof in admissible form, in order to set forth, prima facie, her entitlement to the relief she seeks. (See Zuckerman v City of New York, 49 NY2d 557 [1980].) If the petitioner fails to make a prima facie showing of her entitlement to invoke the doctrine of equitable estoppel, then the motion must be denied. (See Arma Textile Printers v Spectrachem, Inc., 254 AD2d 382 [2d Dept 1998].) When the moving party does not make such a prima facie showing, he/she is not entitled to a hearing. (See Matter of Mobley v Ishmael, 285 AD2d 648 [2d Dept 2001]; Matter of Glenn T. v Donna U, 226 AD2d 803 [3d Dept 1996].)
This court is not convinced by petitioner’s arguments that she is entitled to invoke the doctrine of equitable estoppel. Petitioner’s unsubstantiated allegations and mere conclusions do not make a prima facie showing that equitable estoppel applies to this matter. The petitioner has not sufficiently pleaded the required elements of estoppel, which are conduct, reliance and harm. (See Matter of Shondel J. v Mark D., 7 NY3d 320, 326 [2006].)
Turning now to the Law Guardian’s affirmation, the Law Guardian argues that it would not be in the best interests of the children to “open the issue of their paternity.” The Law Guardian contends that the respondent has “held himself out” as the children’s father. The Law Guardian states that the children identify the respondent as their father, they have visitations with him, which occur at least 10 times per year, they can recount Christmas presents given to them by respondent, and know respondent’s other children to be their “siblings.”
These statements lack an evidentiary foundation. The Law Guardian does not provide detail for these visitations. The court *221 does not know if these visitations last for five minutes, five hours or five days. This court does not know what kind of relationship, if any, these children have with the respondent. The Law Guardian does not specify the relationship these children have with the respondent’s children. This court must construe this issue from the children’s perspective and must assess the impact of this proceeding on the children. However, the court cannot do this because the Law Guardian has not provided the court with sufficient information. (See Matter of Louise P. v Thomas R., 223 AD2d 592 [2d Dept 1996].)
Although the court need not address respondent’s claims after finding the moving papers and the Law Guardian’s papers insufficient, it will, nevertheless, address the respondent’s contentions.
The respondent alleges that equitable estoppel does not apply in this case for several reasons. Respondent first directs the court’s attention to documents which list other men as the children’s fathers. These documents, which are made part of the respondent’s papers as exhibits, are photocopied “appointment notices” from the Queens County Office of Child Support Enforcement, Long Island City, New York. These notices request that the petitioner appear at their office on February 3, 2003 for an interview regarding an “absent parent.” A “D.W.” is listed as the “absent parent” of the child, R., and “C.D.” is listed as the “absent parent” of the child, D.
Respondent further contends that neither child bears his last name, he did not execute acknowledgments of paternity for either child, he has been told petitioner had other “male visitors” while he resided with her, and petitioner would not allow him to claim the children for tax purposes. Respondent states that it is in the children’s “best interests” for them to know their “biological” father, as he has “reservations” as to their paternity.
This court has not made a determination as to whether equitable estoppel applies here, but has instead found that the moving papers and the Law Guardian’s papers are insufficient. Without ruling on the issue of equitable estoppel, the court finds that the respondent’s arguments are also factually insufficient. Bare contentions do not show fraud, as the respondent claims. These allegations are not “evidence” of anything; respondent’s allegations are unsubstantiated conclusions. Interestingly, respondent’s papers do not deny that he had or has a relationship with the children, that he has lived with them, or that they recognize him to be their father.
*222 Accordingly, in light of the insufficiencies of these papers, the petitioner’s application to invoke the doctrine of equitable estoppel, to deny the respondent’s request for genetic testing, is denied. The petitioner has not made a prima facie showing in her papers that she is entitled to the relief that she has requested. This matter is therefore referred to the Support Magistrate for further proceedings.