Matter of French v Hanson (2007 NY Slip Op 52175(U))

[*1]

Matter of French v Hanson

2007 NY Slip Op 52175(U) [17 Misc 3d 1128(A)]

Decided on November 14, 2007

Family Court, Essex County

Meyer, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 14, 2007

Family Court, Essex County
In the Matter of a
Paternity Proceeding Betty French, Petitioner,
against
Peter Hanson and William French, Sr., Respondents.
P-O0406-07

Richard B. Meyer, J.
Paternity proceeding by Betty French (petitioner) against her husband, William French, Sr.
(French), and Peter Hanson (Hanson) regarding paternity of a ten year old male child conceived
and born during the marriage. Petitioner alleges that Hanson is the biological father, and seeks
genetic marker testing and an order of filiation accordingly. Respondents deny the allegations and
assert the defense of equitable estoppel.

"No [genetic marker] test shall be ordered . . . upon a written finding by the court
that it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the
presumption of legitimacy of a child born to a married woman" (FCA
§532[a]).
A child born in wedlock is legally presumed to be the
biological product of that marriage, and this presumption of legitimacy is "one of the strongest
and most persuasive known to the law" (Matter of Findlay, 253 NY 1, 7, 170 NE 471,
472; see also Commissioner of Public Welfare of City of New York on Complaint of Vincent
v. Koehler, 284 NY 260, 30 NE2d 587).
The doctrine of equitable estoppel precludes a person, based upon his or her own conduct,
from asserting a right which he or she might otherwise have had (see Nassau Trust [*2]Company v. Montrose Concrete Products, 56 NY2d 175, 451
NYS2d 663, 436 NE2d 1265). "It is settled law that the doctrine of equitable estoppel may be
raised as a defense to preclude a party from being compelled to submit to a blood-grouping test"
(Matter of Lorie F. v. Raymond F., 239 AD2d 659, 657 NYS2d 235; see also David
L. v. Cindy Pearl L., 208 AD2d 502, 657 NYS2d 235; Matter of Sharon GG. v. Duane
HH., 95 AD2d 466, 467 NYS2d 941, affd 61 NY2d 603, 472 NYS2d 1026, 460 NE2d
1107). A child's best interests "are not served by permitting, at [a] late juncture, a disruption of
the family relationships which he has come to know and rely on for so long a time" (Glenn T.
v. Donna U., 226 AD2d 803, 640 NYS2d 297), especially considering the immeasurable
value of "an already operative parent-child relationship" (Matter of Lorie F. v. Raymond F.,
supra at 661, 657 NYS2d at 236, citing Matter of Baby Boy C., 84 NY2d 91, 102,
615 NYS2d 318, 323, 638 NE2d 963, 968).

"[C]ommon sense, public policy, reason and the overriding consideration for the
welfare of the child will bar a wife from bastardizing her child where...she has lived with her
husband as his wife during the period of conception and birth of the child, and for years
thereafter" (Hill v. Hill, 20 AD2d 923, 924, 249 NYS2d 751,
753).
Equitable estoppel is similarly applicable where the husband
desires a continuing relationship with the child, and the alleged father, a stranger to the child, has
not come forward to admit paternity or seek to have a determination made (see Kim Marie V.
v. Michael S., 195 AD2d 985, 601 NYS2d 719).
A hearing was conducted on October 29, 2007, at which French and the petitioner testified.
This Court has considered the evidence, and evaluated the credibility of the witnesses based upon
their demeanor, the manner in which they testified, and the consistency, accuracy, and probability
or improbability of their testimony in light of all other evidence. The credible, relevant and
material evidence establishes the facts set forth below.
The petitioner and French were married in 1982, and the subject child was born on February
9, 1997. They lived together with the child (and their 3 other children) until approximately May,
2004 when the petitioner left French. As the child continued to reside with the petitioner, she
initiated a child support proceeding against French. An award of child support was made against
French, and the petitioner accepted and retained such benefits without complaint or dispute for
the past eighteen months or more. The child has always referred to French as "Dad". French has
maintained a father-son relationship with the child for the child's entire life, and he continues to
talk to and/or see the child almost every day despite the fact that they do not reside in the same
household. Disturbingly, the petitioner told the child approximately one year ago that French was
not his father.
This Court finds no merit or truth to the petitioner's contentions that French is not, and
Hanson is, the biological father of the child. The petitioner could not recall the date that she last
had sexual intercourse with French, even admitting that she was "not sure" if it was in April of
1996. She also failed to specifically testify to engaging in sexual intercourse with Hanson during
April or May 1996, the ostensible period of conception. Her testimony, even if credible, failed to
negate access by French or establish any likelihood that Hanson is the biological father of the
child. By failing to negate access by French, there is no credible evidence sufficient to overcome
the strong presumption that French is the child's father (see Black v. Brown, 27 AD2d
683, 276 [*3]NYS2d 361; Gray v. Rose, 32 AD2d 994,
302 NYS2d 185; Mannain v. Lay, 33 AD2d 1024, 308 NYS2d 248).
Even assuming that the presumption of legitimacy did not apply, there was sufficient
evidence establishing that equitable estoppel is particularly appropriate here. Having waited ten
years to formally assert that French is not the child's father, during which French and the child
developed a parent-child bond, presumably promoted at least in part by the petitioner, and by
collecting child support for the child from French since their separation, the petitioner is
equitably estopped from pursuing what amounts to a frivolous claim, seemingly designed for no
purpose other than to damage French's relationship with the child.
The petitioner simply did not articulate any basis for her allegations and "demonstrate that a
nonfrivolous controversy as to paternity exists" (Prowda v. Wilner, 217 AD2d 287, 289,
634 NYS2d 866, 868). Taking into account the entirety of the circumstances including the
applicability of both the presumption of legitimacy and the doctrine of equitable estoppel
(Matter of Lanpher v. Lanpher, 215 AD2d 905, 626 NYS2d 874; Della Vecchia v.
Goffredo, 203 AD2d 511, 612 NYS2d 932), and considering the factors outlined in
Prowda, supra , at 290, 634 NYS2d 866, it is the determination of this Court that genetic
marker testing will not serve the best interest of the child. While the child has an interest in
knowing, with certainty, the identity of his biological father, the petitioner here has no facts to
support her claim. Petitioner seeks to disprove French's paternity out of what appeared to be
nothing more than hostility and bitterness, and she was totally lacking in credibility. Although
petitioner has identified Hanson as the potential father, Hanson is unwilling to assume that role
based upon his failure to come forward and claim the child as his own. The testing procedure
may have a traumatic effect upon the child as it would only feed any uncertainty he may have as
to whether French is his father. Conversely, if testing is not ordered, there does not appear to be
any significant adverse effect upon the child because there simply is no credible evidence
indicating that petitioner's claim has merit. The petition is hereby dismissed on the merits
(FCA §532[a]; see
Barbara S. v. Michael I., 24 AD3d 451, 805 NYS2d 425; Hammack v.
Hammack, 291 AD2d 718, 737 NYS2d 702).
Finally, although the petitioner's claim is patently frivolous within the meaning of 22
NYCRR Part 130, in that she asserted material facts which were untrue and pursued her claim
primarily for the purpose of harassing and materially injuring one or both respondents, this Court
will not on its own initiative pursue sanctions against her.
IT IS SO ORDERED.
Decision and Order signed this 14th day of November, 2007, at Elizabethtown, New York.
ENTER _______________________________________
 Richard B. Meyer
 J.F.C.