■ In the Matter of NATHAN O., Respondent, v JENNIFER P. et al., Appellants. (And Another Related Proceeding.) [931 NYS2d 198]—

McCarthy, J.

Up until at least April 6, 2009, petitioner and respondent Jennifer P. (hereinafter the mother) engaged in a sexual relationship, although they dispute when that relationship ended. In mid-April 2009, the mother engaged in a sexual relationship and began cohabiting with respondent Uwe P. The mother married Uwe P. in June 2009 and gave birth to a child on December 6, 2009. At the time of the birth, Uwe P. was listed as the child's father on the birth certificate.

Shortly after the child's birth, petitioner filed two petitions seeking a declaration of paternity and either custody or visitation. Uwe P. cross-petitioned for a declaration of paternity. Family Court denied the mother's motion to dismiss the petitions and ordered the parties and child to submit to DNA testing, with the results sealed pending further proceedings. During a hearing to address whether the presumption of legitimacy should preclude DNA testing (see Family Ct Act § 532 [a]), the parties consented to unsealing the DNA test results, which revealed a high likelihood that petitioner was the biological father. The parties then stipulated to an order of parenting time for petitioner, subject to respondents' right to appeal the court's

ruling on jurisdiction and standing. Over respondents' objections, Family Court declared that petitioner is the father of the child, entered an order of filiation to that effect, and dismissed Uwe P.'s paternity petition. Respondents appeal.*

Family Court has "exclusive original jurisdiction in proceedings to establish paternity" (Family Ct Act § 511; see NY Const, art VI, § 13 [b] [5]). Respondents argue that the court has no jurisdiction to determine paternity of a child born to a married woman. This argument is based upon statutory definitions of "child," "mother" and "father" limiting those terms to situations involving "a child born out of wedlock" (Family Ct Act § 512). Respondents' interpretation, however, cannot be harmonized with other aspects of Family Ct Act article 5. For example, their interpretation is belied by the statutory phrase "presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532 [a]); the use of the word "married" would be unnecessary and superfluous under respondents' view. Considering the broad grant of jurisdiction in the NY Constitution and in Family Ct Act § 511, along with the numerous cases where courts have addressed paternity of children born to married mothers (see e.g. Matter of Mark T. v Joyanna U., 70 AD3d 1068 [2010], lv denied 15 NY3d 715 [2010]; Matter of Sharon GG. v Duane HH., 95 AD2d 466, 467 [1983], affd 63 NY2d 859 [1984]), and the conflict between the definitions in Family Ct Act § 512 and other aspects of Family Ct Act article 5, we hold that Family Court has subject matter jurisdiction to address the paternity of a child born to a married woman.

As a "person alleging to be the father," petitioner had standing to commence a paternity proceeding (Family Ct Act § 522; see Matter of Sharon GG. v Duane HH., 95 AD2d at 467). Family Ct Act § 523 only requires the petition to allege that a certain individual is the father of the subject child. "A party seeking paternity testing under the Family Ct Act need not provide factual support for the allegations of paternity or nonpaternity; he or she need only articulate some basis for them," sufficient to show that a nonfrivolous controversy exists regarding paternity (Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1134 [2006] [citations omitted]; see Prowda v Wilner, 217 AD2d 287, 289 [1995]). Here, in his application filed less than a

---

* Because the May 2010 order denying the mother's motion to dismiss the petitions is a nonfinal order, respondents cannot appeal from that order as of right (see Family Ct Act § 1112 [a]). Although we are dismissing the appeal from that order, upon the appeal from the June 2010 final order we consider respondents' arguments as they pertain to the May 2010 order (see Matter of Beaudoin v William HH., 157 AD2d 995, 995-996 [1990]).

month after the child's birth, petitioner alleged that he engaged in a sexual relationship with the mother during the probable time of conception, that the mother was not married at that time, and that he is the child's father. This information was sufficient to commence the paternity proceeding.

Respondents consented—during the middle of a hearing—to Family Court unsealing the DNA test results. Upon learning of those results, the parties stipulated to the entry of an order of visitation to petitioner, subject to respondents' reservation of the right to appeal based on the court's ruling regarding jurisdiction and standing. In light of their consent, with this limited reservation of rights, respondents have waived their argument that Family Court was required to conduct a full hearing concerning the child's best interests (*see* Family Ct Act § 532 [a]) before issuing an order of filiation. Hence, we will not address that argument.

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the appeal from the order entered May 5, 2010 is dismissed, without costs. Ordered that the order entered June 18, 2010 is affirmed, without costs.