■ In the Matter of PETER BB., Appellant, v ROBIN CC. et al., Respondents. [681 NYS2d 697] —Cardona, P. J. Appeal from an order of the Family Court of Montgomery County (Going, J.), entered November 7, 1997, which, in a proceeding pursuant to Family Court Act article 5, *inter alia*, granted a motion by respondent Paul DD. to dismiss the petition.

Respondent Robin CC. (hereinafter the mother) married respondent Paul DD. (hereinafter respondent) on July 26, 1992 and a child was born on January 4, 1993 who is the subject of this paternity proceeding. Respondent is named as the father on the child's birth and baptismal certificates. The parties lived together as a family unit in the Town of Amsterdam, Montgomery County, until May 1996 when they separated and, in October 1996, the mother moved to Florida with the child. Prior to moving to Florida, the mother filed a family offense petition against respondent for alleged harassment acknowledging that respondent was the child's father.

While in Florida, the mother and child resided with petitioner for approximately three months. During that time, petitioner noticed physical similarities between himself and the child and suspected that she may be his daughter. In December 1996, respondent filed a petition in Montgomery County for custody of the child. In January 1997, the mother appeared in court and, for the first time, claimed that petitioner, not respondent, was the child's father. In March 1997, however, the mother filed a petition against respondent for child support. That same month, petitioner, the mother and the child submitted to genetic paternity tests which disclosed a 99.94% probability that petitioner was the child's biological father.

In April 1997, the mother withdrew the child support petition and, in May 1997, petitioned for sole legal custody of the child. In September 1997, petitioner commenced this paternity proceeding alleging, *inter alia*, that he had sexual intercourse with the mother between May 1, 1992 and May 16, 1992 and was the father of the child. In addition, he moved pursuant to Family Court Act § 532 for an order directing all parties and the child to undergo blood genetic marker tests or DNA testing. Respondent moved to dismiss the petition on the grounds, *inter alia*, of equitable estoppel. Family Court, *inter alia*, granted respondent's motion on the papers submitted as there were no disputed facts and this appeal ensued.

We affirm. The doctrine of equitable estoppel is applicable in

paternity proceedings " 'to prevent the enforcement of rights which would work a fraud or injustice upon the person against whom enforcement is sought and who, in reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that enforcement of any purported rights would not be sought' " (*Matter of Lorie F. v Raymond F.*, 239 AD2d 659, 660, quoting *Matter of James BB. v Debora AA.*, 202 AD2d 852, 853). It is a child's best interest which is of paramount concern in proceedings to establish paternity (*see, Matter of James BB. v Debora AA., supra*, at 853-854; *Matter of Ettore I. v Angela D.*, 127 AD2d 6, 14). Consequently, the "courts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship" (*Matter of Lorie F. v Raymond F., supra*, at 660; *see, Matter of Glenn T. v Donna U.*, 226 AD2d 803).

In the case at hand, the child was born during the marriage of the mother to respondent and the parties lived together as a family unit for over three years. Respondent was named as the child's father on her birth and baptismal certificates and the child was identified as an issue of the marriage in the parties' separation agreement. It was not until after respondent filed a petition seeking custody of the child and the mother appeared in court in January 1997 to answer the petition that the mother claimed that respondent was not the child's biological father. While petitioner contends that he did not suspect he was the father of the child until the mother and child lived with him in Florida in the latter part of 1996, he waited until September 1997 to commence this paternity proceeding. We further note that, irrespective of petitioner's claim of lack of knowledge, this petition was not filed until the child was almost five years of age. Under the particular circumstances presented herein, it would be unjust and inequitable to permit petitioner to take a parental role at this late juncture (*see, Matter of Richard W. v Roberta Y.*, 240 AD2d 812, 814, *lv denied* 90 NY2d 809). Accordingly, Family Court properly denied the petition.

Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.