■ In the Matter of KRISTEN D., Appellant, v STEPHEN D., Respondent. (Proceeding No. 1.) In the Matter of LAWRENCE E., Appellant, v KRISTEN D. et al., Respondents. (Proceeding No. 2.) [719 NYS2d 771] —Carpinello, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered September 16, 1999, which (1) in a proceeding (No. 1) pursuant to Family Court Act article 6, awarded, inter alia, the parties joint legal custody of the child, and (2) dismissed petitioner's application, in a proceeding (No. 2) pursuant to Family Court Act article 5,

to adjudicate petitioner as the father of the child born to respondent Kristen D.

In September 1991, Kristen D. (hereinafter the mother) informed respondent Stephen D. (hereinafter respondent) that she was pregnant. The two were married in November 1991 and the mother gave birth to a daughter (hereinafter the child) in May 1992. Unbeknown to respondent, the mother had also engaged in unprotected sexual intercourse with petitioner Lawrence E. (hereinafter petitioner) during the critical period. When the child was around three years old, the mother began noticing her resemblance to petitioner. In September 1995, the mother contacted petitioner and discussed with him the possibility that he was the child's father. The mother and petitioner arranged for DNA testing, which was performed in October 1995 and indicated a 99.99% probability that petitioner was the child's biological father. At that point, the mother advised respondent of the test result. Of course, the revelation had a detrimental impact on their relationship, and respondent and the mother separated in November 1995. Following the separation, the child remained with the mother but respondent exercised regular visitation by agreement of the parties.

In March 1996, the mother commenced an action for divorce. Although the complaint made no allegation concerning the existence of children of the marriage, respondent counterclaimed for divorce and alleged that the child had been born as issue of the marriage. Supreme Court transferred the questions of custody, visitation and support to Family Court (proceeding No. 1) and pending its determination made a temporary award of visitation in favor of respondent. In August 1998, petitioner commenced proceeding No. 2 to establish that he is the biological father of the child. Following a trial on the issues of paternity, custody and visitation, and determining that the doctrine of equitable estoppel must be applied in order to protect the best interest of the child, Family Court dismissed the petition in proceeding No. 2 and awarded joint legal custody of the child to respondent and the mother, with primary physical custody in the mother. Petitioner and the mother appeal.

We affirm. The proof, either based upon uncontroverted trial evidence or as properly found by Family Court in the exercise of its fact-finding authority, establishes that respondent maintained an intimate parental relationship with the child from the time of her birth to the time of trial in 1999. At no time during that seven-year period was the child given any reason to question respondent's status as her biological father. As recognized by Family Court in its comprehensive written

decision, respondent contributed to every aspect of the child's care. Along with the mother, respondent attended Lamaze classes and was present at the delivery. He also accompanied the mother during many long and anxious hours spent at hospitals during the child's first year of life in connection with the surgical correction of a congenital defect and took an active part in the special care required as a result of the child's medical condition. Respondent developed a strong, loving and enduring relationship with the child and was identified as her father on her birth certificate, baptismal certificate, medical records, daycare records and school records. He carried out all traditional responsibilities of a father, accompanying the child to medical appointments and school functions, enjoying leisure time and vacations with her and, as implicitly found by Family Court, providing for her support consistent with his means and ability.

Courts have long recognized the availability of the doctrine of equitable estoppel as a defense in a paternity proceeding (*see, Jean Maby H. v Joseph H.*, 246 AD2d 282; *Matter of Richard W. v Roberta Y.*, 240 AD2d 812, *lv denied* 90 NY2d 809; *Matter of Lorie F. v Raymond F.*, 239 AD2d 659, 660; *Matter of James BB. v Debora AA.*, 202 AD2d 852, 853). Further, because a child's best interest is of paramount concern in proceedings to establish paternity (*see, Matter of James BB. v Debora AA.*, *supra*, at 853-854; *Matter of Ettore I. v Angela D.*, 127 AD2d 6, 14) and recognizing "that the inevitable effect of destroying the child's image of her family would be catastrophic and [fraught] with lasting trauma" (*Matter of Ettore I. v Angela D.*, *supra*, at 15), the "courts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship" (*Matter of Lorie F. v Raymond F.*, *supra*, at 660; *see, Matter of Glenn T. v Donna U.*, 226 AD2d 803).

Application of those legal principles to the facts of this case essentially compels the determination reached by Family Court. Given the nature, extent and duration of respondent's relationship with the child, and recognizing that petitioner was unaware of his likely paternity during the first 3½ years of the child's life, we conclude that petitioner's subsequent three-year delay in commencing a paternity proceeding provided ample justification for Family Court's dismissal of the petition on the basis of equitable estoppel (*see, Matter of Peter BB. v Robin CC.*, 256 AD2d 889, 890; *Jean Maby H. v Joseph H.*, *supra*, at 289; *Matter of Richard W. v Roberta Y.*, *supra*, at 814). As in *Matter of Peter BB. v Robin CC.* (*supra*, at 890), we believe

that "it would be unjust and inequitable to permit petitioner to take a parental role at this late juncture."

The parties' remaining contentions have either been considered and found to be unavailing or have been rendered academic.

Cardona, P. J., Spain and Rose, JJ., concur; Mercure, J., not taking part. Ordered that the order is affirmed, without costs.