■ In the Matter of PETER G. SAVEL, Appellant, v ASHLEY R. SHIELDS, Respondent. [872 NYS2d 597]—

Cardona, P.J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered November 15, 2007, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to, among other things, vacate a prior acknowledgment of paternity.

The unmarried parties herein were cohabiting at the time that respondent became pregnant with a child who was born in June 2004. Petitioner's name is listed on the birth certificate and, three days after the child's birth, he signed an acknowledgment of paternity. According to petitioner, when the child was approximately eight to nine months old, respondent allegedly told him she had been in a sexual relationship with another man during the time the child was conceived. Although the parties separated in February 2005, petitioner concedes that, thereafter, he had regular contact with the child "about once every one to two weeks." After respondent, who maintains that petitioner is the child's father, brought a proceeding seeking child support, petitioner filed a June 2007 petition in Family Court seeking a genetic marker test and an order vacating the acknowledgment of paternity. Following the submission of sworn statements, Family Court issued an order dismissing the petition on the basis of the Law Guardian's invocation of equitable estoppel on the child's behalf.

Contrary to petitioner's arguments on this appeal, the subject proceeding was properly dismissed. Notably, in proceedings involving paternity, it is the *child's* justifiable reliance on a representation of paternity that is considered and, in determining whether equitable estoppel should be applied to a particular case, the court's conclusion must be based on the child's best interests (*see Matter of Sarah S. v James T.*, 299 AD2d 785, 785 [2002]; *Hammack v Hammack*, 291 AD2d 718, 719-720 [2002]; *see also Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]). Here, as aptly noted by Family Court, the undisputed proof is that the child, approximately three years old at the time petitioner commenced this proceeding, is bonded to petitioner, who is the only father the child has ever known. Additionally, although petitioner claims that he had reason to question paternity when the child was less than a year old, he, nevertheless, continued fostering a relationship with the child and did not seek to vacate the acknowledgment of paternity until respondent sought a child support order (*see Hammack v Hammack*, 291 AD2d at 720). Given all the circumstances, Family Court did not err in concluding that it was in the child's best interests to preserve the established father-child relationship by applying the doctrine of equitable estoppel and denying petitioner's request for genetic marker testing (*see* Family Ct Act § 516-a [b] [ii]).

The remaining arguments advanced by petitioner have been examined and found to be unpersuasive.

Mercure, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.