■ In the Matter of DUSTIN G., Respondent, v MELISSA I., Respondent. CHARLES H., Appellant. [891 NYS2d 735]—

Rose, J.

Petitioner commenced this paternity proceeding to establish that he is the biological father of a child born in November 2001 to respondent (hereafter the mother). Charles H. moved to dismiss the petition based upon equitable estoppel, citing his own lifelong relationship with the child and petitioner's refusal to have any relationship with the child even though petitioner had known since the child's birth that he might be her father. Following a hearing at which only the mother testified, Family Court concluded that equitable estoppel could not be applied because the mother had not fraudulently induced Charles H. to believe that he was the child's father. As a result, the court ordered genetic marker testing even though it recognized that the strong, long-term relationship between the child and Charles H. would otherwise invoke an estoppel. Charles H. appeals and we now reverse.

Although a court may order a genetic marker test "to aid in the determination of whether the alleged father is or is not the father of the child" (Family Ct Act § 532 [a]), "[t]he courts 'impose equitable estoppel to protect the status interests of a

child in an already recognized and operative parent-child relationship' " (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006] [citation omitted]; *see Matter of Greg S. v Keri C.*, 38 AD3d 905, 905-906 [2007]). The doctrine of equitable estoppel "does not involve the equities between the two adults; the case turns exclusively on the best interests of the child . . . [, because] [t]he child is entirely innocent and by statute the party whose interests are paramount" (*Matter of Shondel J. v Mark D.*, 7 NY3d at 330-331; *see Matter of Greg S. v Keri C.*, 38 AD3d at 905-906). Put differently, it is the child's reliance upon a representation of paternity that is to be considered (*see Matter of Savel v Shields*, 58 AD3d 1083, 1084 [2009]). Accordingly, while lack of knowledge or another's fraud or deception may be necessary to invoke equitable estoppel in other situations, it was not a prerequisite here.

Here, two factors warrant the application of equitable estoppel. First, despite his knowledge in 2001 that he might be the father of the child, petitioner took no action to assert his paternity or foster a relationship with the child until he commenced this proceeding in May 2008 (*see Matter of Elido B. v Jennie C.*, 55 AD3d 1008, 1009 [2008]; *Matter of Antonio H. v Angelic W.*, 51 AD3d 1022, 1023 [2008]). Second, there is the child's strong, eight-year relationship with Charles H. as well as her belief over those years that he was her father. Charles H. was named as the child's father on her birth certificate, signed an acknowledgment of paternity and, even though he knew that he was not the child's father, he lived with the child and developed a close father-daughter relationship over her entire life. These undisputed factors in the record demonstrate that genetic testing would not be in the child's best interests and that petitioner should be estopped from challenging paternity (*compare Marilyn C.Y. v Mark N.Y.*, 64 AD3d 645, 646-647 [2009]; *see Matter of Glenda G. v Mariano M.*, 62 AD3d 536, 536 [2009], *lv denied* 13 NY3d 708 [2009]; *Matter of Ellis v Griffin*, 308 AD3d 449, 450 [2003], *lv denied* 2 NY3d 704 [2004]). Thus, the record provides ample justification for granting the motion by Charles H. to dismiss and, in light of our determination, his alternate contention that he did not receive the effective assistance of counsel is academic.

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion granted.