■ In the Matter of MARK T., Appellant, v JOYANNA U. et al., Respondents. (And Another Related Proceeding.) [893 NYS2d 721]—

Malone Jr., J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered March 27, 2008, which, among other things, in a proceeding pursuant to Family Ct Act article 5, granted the motion of respondent Joyanna U. to dismiss the petition.

In December 1996, petitioner and respondent Joyanna U. (hereinafter the mother) engaged in a sexual relationship. At that time, the mother was also engaged in a sexual relationship with respondent Paul V. (hereinafter respondent). The following month, after petitioner assaulted respondent, petitioner was arrested and incarcerated. The mother and respondent were married several days later and the subject child was born on October 26, 1997. After respondent and the mother divorced in 2007, petitioner commenced this paternity proceeding, seeking a DNA test to establish that he was the biological father of the subject child and, in addition, petitioned for visitation. The mother moved to dismiss the paternity petition based on the ground of equitable estoppel. After conducting a hearing, Family Court granted the motion and dismissed the visitation petition. Petitioner appealed.

We first note that, upon this Court's initial consideration of this appeal, it was revealed at oral argument that the Law Guardian assigned to represent the child on the appeal—who differed from the Law Guardian at Family Court—had not met with or spoken to the child. For that reason, we withheld decision and ordered that a new Law Guardian be appointed (*Matter of Mark T. v Joyanna U.*, 64 AD3d 1092 [2009]), who now appears on behalf of the child.

Turning to the merits, equitable estoppel may "preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]; *see* Family Ct Act § 532 [a]). Here, because the child was born during his marriage to the mother, the child is legally presumed to be respondent's biological child (*see David L. v Cindy Pearl L.*, 208 AD2d 502, 503 [1994]). Although petitioner nonetheless claims that the mother told him that he was the child's father soon after the child's birth, petitioner waited nearly 11 years to

file the instant paternity petition, despite having knowledge that respondent was holding himself out as the child's father (*see e.g. Matter of Richard W. v Roberta Y.*, 240 AD2d 812, 814 [1997], *lv denied* 90 NY2d 809 [1997]). Moreover, petitioner was incarcerated for at least 7 out of the 10 years of the child's life before this proceeding and, consequently, only recently began spending time with him.

Meanwhile, during the last 11 years, respondent believed that he was the child's father, raised and cared for the child, and treated him no differently from the other four children of the marriage. Although the mother and respondent are now divorced, respondent exercises visitation with the child and is obligated to pay the mother child support. Indeed, until the mother recently told the child that petitioner could be his father, the child believed that respondent was his father and he bears respondent's surname. Despite the Law Guardian's persuasive contention to the contrary, considering the facts of this case, including the "recognized and operative parent-child relationship" that the child maintains with respondent (*Matter of Lorie F. v Raymond F.*, 239 AD2d 659, 660 [1997]), we cannot say that Family Court erred in finding that an order directing genetic testing to establish paternity would be contrary to the child's best interests (*see Matter of Peter BB. v Robin CC.*, 256 AD2d 889, 890 [1998]; *Matter of Richard W. v Roberta Y.*, 240 AD2d at 814-815; *Purificati v Paricos*, 154 AD2d 360, 361-362 [1989]).

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.