■ In the Matter of EDWARD WW., Appellant, v DIANA XX., Respondent. [913 NYS2d 785]—

Spain, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered October 15, 2009, which, in a proceeding pursuant to Family Ct Act article 5, granted respondent's motion to dismiss the petition.

Petitioner had a sexual relationship with respondent (hereinafter the mother) during the time the subject child (born in September 1998) was likely conceived. Petitioner was incarcerated in early 1998, and asserts that he did not learn of the mother's pregnancy until "later in the year, that is, in 1998." The mother was never married to petitioner nor did she ever live with him. Petitioner, who is now again incarcerated, commenced this proceeding in June 2009—when the child was 10 years of age—seeking a DNA test to establish that he is the child's father. The mother moved to dismiss the petition on the ground of equitable estoppel, and Family Court granted the motion and dismissed the petition without a hearing. Petitioner now appeals.

Family Ct Act § 532 (a) provides that no genetic marker or DNA test shall be ordered if the court finds that it is not in the best interests of the child based upon, among other things, equitable estoppel. The doctrine of equitable estoppel is a defense in a paternity proceeding which, among other applications, precludes "a man . . . from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (*Matter of Shondel J. v Mark D.*, 7 NY3d 320, 327 [2006]; *see Matter of Kristen D. v Stephen D.*, 280 AD2d 717, 719 [2001]). The party raising the doctrine of equitable estoppel—here, the mother—has the initial burden of establishing a prima facie case sufficient to support that claim (*see Debra H. v Janice R.*, 14 NY3d 576, 588 [2010]; *Matter of Richard W. v Roberta Y.*, 240 AD2d 812, 815 [1997], *lv denied* 90 NY2d 809 [1997]; *Matter of Sharon GG. v Duane HH.*, 95 AD2d 466, 468 [1983], *affd for reasons stated below* 63 NY2d 859 [1984]). The burden then shifts to the nonmoving party, petitioner, to put forth evidence that it is in the best interests of the child to order the DNA test (*see Matter of Richard W. v Roberta Y.*, 240 AD2d at 815; *see also Matter of Smythe v Worley*, 72 AD3d 977, 979 [2010]; *Matter of Ettore I. v Angela D.*, 127 AD2d 6, 8 [1987]). A motion asserting equitable estoppel may be granted on the papers, without a hearing, if Family Court "possesse[s] sufficient information to render an informed decision consistent with the child's best interests"

(*Matter of Razo v Leyva*, 3 AD3d 571, 571 [2004]; *see Matter of Glenn T. v Donna U.*, 226 AD2d 803 [1996]; *see also Matter of Mobley v Ishmael*, 285 AD2d 648, 648 [2001]).

In support of her motion, the mother asserts that at the time the child was born, she was living with her boyfriend, with whom she and the child currently reside, and her boyfriend has acted as the child's father throughout the child's life, providing her with food, clothing and necessities. In addition, the child refers to the boyfriend as her father, the boyfriend has supported the child in school and in her everyday activities, and the mother believes the boyfriend to be the father of the child as well as the father of their two younger sons, ages nine and six. Notably, the child bears the boyfriend's surname.*

In response, petitioner asserts that he commenced this proceeding in June 2009 after being informed that the boyfriend had allegedly recently submitted to a DNA test which excluded his paternity of the child. However, petitioner concedes that he knew the mother was pregnant and that she gave birth, but now attempts to justify his 10-year delay in pursuing paternity by claiming that the mother never disclosed her pregnancy to him and later led him to believe that the child was the boyfriend's child. Significantly, petitioner, who has been in and out of jail since his intimate relationship with the mother ended in 1998, has offered nothing to refute the mother's prima facie showing that the child has always known the boyfriend—who has, undisputably, provided food, clothing and shelter for the child for most of her life—to be her father. "[B]ecause a child's best interest is of paramount concern in proceedings to establish paternity and recognizing 'that the inevitable effect of destroying the child's image of her family would be catastrophic and [fraught] with lasting trauma,' the 'courts are more inclined to impose equitable estoppel to protect the status of a child in an already recognized and operative parent-child relationship' " (*Matter of Kristen D. v Stephen D.*, 280 AD2d at 719 [citations omitted]).

Although petitioner asserts that he quickly moved to establish paternity upon learning, purportedly, of the boyfriend's negative DNA test results, he does not answer why he failed to promptly assert his rights when he became aware 10 years earlier of the possibility that the child was his child. Moreover,

* Clearly, the boyfriend should have been named as a necessary party (*see Matter of Juanita A. v Kenneth Mark N.*, 15 NY3d 1, 6 [2010]; *Matter of Richard W. v Roberta Y.*, 212 AD2d 89, 90-92 [1995]). However, we find that, on the record before us, the oversight does not undermine the correctness of Family Court's order dismissing the petition.

on this motion to dismiss premised upon equitable estoppel, petitioner's assertion regarding DNA test results is irrelevant and does not bar Family Court's summary resolution of the estoppel issue (*see Matter of Richard W. v Roberta Y.*, 240 AD2d at 814; *Mancinelli v Mancinelli*, 203 AD2d 634, 636 [1994]). While a hearing is often necessary to determine a child's best interests, under these circumstances, where petitioner failed to tender any evidence that it would be of any benefit to the child if his petition for a paternity test were granted at this late juncture, Family Court properly dismissed the petition without a hearing "as it possessed sufficient information to render an informed decision consistent with the child's best interests" (*Matter of Razo v Leyva*, 3 AD3d at 571; *see Matter of Mobley v Ishmael*, 285 AD2d at 648-649).

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.