*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 29, 2015                    520259
_____

In the Matter of WILLIAM X.,
                    Appellant,
        v                                    MEMORANDUM AND ORDER

LINDA Y.,
                    Respondent.
_____

Calendar Date:   September 9, 2015

Before:   Peters, P.J., Lahtinen, Garry and Rose, JJ.

                    _____

        Robert A. DiNieri, Clyde, for appellant.

        Teresa C. Mulliken, Harpersfield, attorney for the child.

                    _____

Rose, J.

        Appeal from an order of the Family Court of Delaware County
(Becker, J.), entered July 23, 2014, which dismissed petitioner's
application, in a proceeding pursuant to Family Ct Act article 5,
to vacate a prior acknowledgment of paternity.

        Petitioner and respondent were involved in a short-lived
relationship that began in 2000, when respondent's child was six
months old.  Before their relationship ended, petitioner was
incarcerated, during which time he signed an acknowledgment of
paternity declaring himself to be the father of the child.  In
2013, after petitioner had initiated a number of unavailing
efforts to vacate his acknowledgment, none of which actually
litigated the issue of his paternity, he commenced this vacatur
proceeding.  Following a fact-finding hearing, a Support
Magistrate found that petitioner had executed his acknowledgment
under duress and referred the matter to Family Court, which

accepted the finding of duress but dismissed the petition on the ground that ordering a genetic marker test would not be in the best interests of the child.  Petitioner appeals and we now reverse.

Where, as here, "the petitioner proves to the court that the acknowledgment of paternity was signed under . . . duress, . . . the court shall then order genetic marker tests or DNA tests for the determination of the child's paternity" unless the court finds that doing so "is not in the best interests of the child" (Family Ct Act § 516-a [b] [iv]; see Family Ct Act § 532 [a]).  Although Family Court did not specifically articulate the doctrine of equitable estoppel, it held that petitioner had engaged in a course of conduct that "effectively precluded any effort to establish that someone else is [the child's] father," and that granting the petition would "foreclos[e] any parental support from any source other than [respondent] or public funds."

While we agree that the likelihood of discovering the identity of a child's biological father is a relevant consideration in this context (see Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1134 [2006]), the record reveals no preclusive conduct by petitioner.  Rather, it establishes that petitioner and the child have no relationship of any kind, petitioner had not seen the then-14-year-old child in approximately 12 years and he had not spoken to respondent or the child in seven years.  The attorney for the child stated to the Support Magistrate that her client "does not have a relationship with [petitioner] and that he in fact would support the vacating of the acknowledgment of paternity."

Furthermore, Family Court's rationale that vacating the acknowledgment would leave the child without support from any parental source other than respondent has no basis in the record, as the attorney for the child also stated that respondent is now married and the child "has a father figure in his step-father." "In short, the record fails to establish that the child 'would suffer irreparable loss of status, destruction of his family image, or other harm to his physical or emotional well-being if this proceeding were permitted to go forward" (Matter of Starla D. v Jeremy E., 95 AD3d 1605, 1607 [2012], lv dismissed 19 NY3d

1015 [2012] [internal quotation marks, brackets and citations omitted]). Accordingly, we find that DNA testing to definitively determine petitioner's parental status is in the child's best interests and we remit the matter for entry of an order in accordance with Family Ct Act § 516-a (b) (iv).

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court