*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    520230
_____

In the Matter of JOHN J.,
                    Respondent,

          v                                    MEMORANDUM AND ORDER

KAYLA I. et al.,
                    Appellants.
_____


Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

          Kayla I., Malone, appellant pro se.

          Alexander Lesyk, Norwood, for William I., appellant.

          Adam R. Matteson, Lowville, attorney for the child.

          Barry J. Jones, Hudson Falls, attorney for the child.

_____


Rose, J.

          Appeal from an order of the Family Court of St. Lawrence County (Richards, J.), entered December 5, 2014, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to adjudicate petitioner as the father of a child born to respondent Kayla I.

          Respondents Kayla I. (hereinafter the mother) and William I. (hereinafter the husband) are a married couple who were separated in 2011 when the mother engaged in a sexual relationship with petitioner.  She became pregnant, reconciled with the husband and, in August 2012, gave birth to a child. Four days later, the child was placed in foster care and

respondents were found to have derivatively neglected him. Within six weeks of the child's birth, petitioner commenced this paternity proceeding to establish that he is the child's biological father. The husband joined issue, seeking dismissal of the petition on equitable estoppel grounds. Based upon the parties' submissions, Family Court (Morris, J.) ordered genetic marker testing, which revealed a 99.99% likelihood that petitioner is the child's father.

Subsequently, upon recusal and reassignment of the proceeding, Family Court (Richards, J.) held a full hearing on the issue of equitable estoppel. At the conclusion of the hearing, the court rejected the husband's argument and declined to apply the doctrine. Immediately thereafter, a trial was held on the underlying petition, after which Family Court found that petitioner had established his paternity, and an order of filiation was entered declaring him to be the father of the child. Respondents appeal, and we affirm.

Initially, we note that Family Court should have held the hearing on the issue of equitable estoppel before ordering genetic marker testing. "The fact that testing was conducted, however, does not bar the court from thereafter deciding the estoppel issue" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6 n [2010]; see Matter of Shondell J. v Mark D., 7 NY3d 320, 330 [2006]; Matter of Richard W. v Roberta Y., 240 AD2d 812, 814 [1997], lv denied 90 NY2d 809 [1997]).

"'The doctrine of equitable estoppel is a defense in a paternity proceeding which, among other applications, precludes a man . . . from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man'" (Matter of Patrick A. v Rochelle B., 135 AD3d 1025, 1026 [2016], quoting Matter of Edward WW. v Diana XX., 79 AD3d 1181, 1182 [2010]; see Matter of Juanita A. v Kenneth Mark N., 15 NY3d at 6). "The courts 'impose equitable estoppel to protect the status interests of a child in an already recognized and operative parent-child relationship'" (Matter of Shondell J. v Mark D., 7 NY3d at 327, quoting Matter of Baby Boy C., 84 NY2d 91, 102 n [1994]). While respondents rely heavily upon the husband's efforts to support the mother during her pregnancy and

to prepare for the arrival of the child, and we have said that such efforts are relevant to an equitable estoppel defense, they are ancillary to the "assumption of the actual physical and psychological burdens attendant to parenting a newborn" (Matter of Richard W. v Roberta Y., 240 AD2d at 814). Put differently, it is the child's reliance upon a representation of paternity that is our primary consideration (see e.g. Matter of Dustin G. v Melissa I., 69 AD3d 1019, 1020 [2010], lv denied 14 NY3d 708 [2010]).

Here, the child has been in foster care since he was four days old. Regardless of the evidence that the husband has provided the child with food, clothing, toys and affection, and that the child has referred to him as "daddy," he admitted that the child has never spent the night at his residence and that he only sees the child during daytime supervised visitations, which fluctuate in their frequency and have never totaled more than 10 hours per week. The husband further admitted that his weekly time with the child was reduced as the result of his failure to show up on a number of occasions. Significantly, even if it could be said that the now 2½-year-old child developed some measure of reliance on the husband's representation of paternity (see Matter of Stephen W. v Christina X., 80 AD3d 1083, 1084-1086 [2011], lv denied 16 NY3d 712 [2011]; Matter of Savel v Shields, 58 AD3d 1083, 1084 [2009]), petitioner did not acquiesce in the development of that relationship, inasmuch as he promptly commenced this proceeding asserting his own paternity just six weeks after the child was born (compare Matter of Mark T. v Joyanna U., 70 AD3d 1068, 1069-1070 [2010], lv denied 15 NY3d 715 [2010]; Matter of Dustin G. v Melissa I., 69 AD3d at 1020; Matter of Kristen D. v Stephen D., 280 AD2d 717, 718-719 [2001]). Thus, we find that the husband and the child were not in a recognized and operative parent-child relationship, and that Family Court properly dismissed respondents' equitable estoppel defense and entered the order of filiation in favor of petitioner (see Matter of Starla D. v Jeremy E., 95 AD3d 1605, 1606-1607 [2012], lv dismissed 19 NY3d 1015 [2012]; cf. Matter of Patrick A. v Rochelle B., 135 AD3d at 1026-1028).

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court