Matter of Mario WW. v Kristin XX. (2019 NY Slip Op 04798)





Matter of Mario WW. v Kristin XX.


2019 NY Slip Op 04798


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526591

[*1]In the Matter of MARIO WW., Appellant,
v
KRISTIN XX. et al., Respondents.

Calendar Date: April 29, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Tully Rinckey, PLLC, Syracuse (Tauseef S. Ahmed of counsel), for appellant.
Joch & Kirby, Ithaca (Joseph Kirby of counsel), for respondents.
Kathleen Sullivan, Ithaca, attorney for the child.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeals (1) from an order of the Family Court of Tompkins County (Miller, J.), entered March 16, 2018, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 5, to adjudicate petitioner as the father of a child born to respondent Kristin XX., and (2) from an order of protection issued thereon.
Respondent Kristin XX. (hereinafter the mother) and respondent Brad XX. (hereinafter the husband) were married in 2009 and have resided together since such time. Between February 2014 and May 2014, the mother engaged in an extramarital affair with petitioner and subsequently gave birth to a child in late December 2014. Less than two months later, on February 13, 2015, petitioner commenced this paternity proceeding alleging that he was the child's biological father and requested an order for genetic testing to determine the child's paternity [FN1]. Respondents opposed the petition and moved to dismiss based upon the the presumption of legitimacy of a child born into a marriage and that such testing was not in the child's best interests. Following a hearing, Family Court (Rowley, J.) held that petitioner was not entitled to an order for genetic testing given the presumption of legitimacy and dismissed the petition without making a finding as to whether such testing was in the child's best interests. Petitioner appealed, and this Court reversed, finding that Family Court was required to determine whether, under all the circumstances, genetic testing would be in the child's best interests, and remitted the matter for a hearing and determination on that issue (149 AD3d 1227, 1229 [2017]).
Upon remittal, and following a new fact-finding hearing, Family Court (Miller, J.) dismissed the petition, finding that the presumption of legitimacy and the doctrine of equitable [*2]estoppel applied and that the evidence submitted at the hearing demonstrated that it would be detrimental to the child's best interests to order genetic testing. Family Court also issued a full stay-away order of protection in favor of respondents and their two children, set to expire on the subject child's eighteenth birthday [FN2]. Petitioner appeals.
We affirm. The paramount concern for a court in a paternity proceeding is the child's best interests (see Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [2010]; Matter of Christopher YY. v Jessica ZZ., 159 AD3d 18, 22 [2018], lv denied 31 NY3d 909 [2018]; Matter of Kristen D. v Stephen D., 280 AD2d 717, 719 [2001]). Family Ct Act § 532 (a) governs applications for genetic testing and provides, in relevant part, that a court should not order genetic testing where "it is not in the best interests of the child on the basis of . . . equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (see Matter of Schenectady County Dept. of Social Servs. v Joshua BB., 168 AD3d 1244, 1244 [2019]; see also Family Ct Act § 418 [a]). Although a child born during a marriage is presumed to be the legitimate child of the married couple (see Matter of Beth R. v Ronald S., 149 AD3d 1216, 1217 [2017]; Michaleas v Michaleas, 136 AD3d 616, 617 [2016]; see also Family Ct Act § 417; Matter of Findlay, 253 NY 1, 7-8 [1930]), Family Ct Act § 532 (a) does not "impose a blanket prohibition on [genetic] testing whenever the presumption [of legitimacy]" is found to apply (Prowda v Wilner, 217 AD2d 287, 289-290 [1995]). Where, as here, petitioner has presented "a nonfrivolous controversy as to paternity" (149 AD3d at 1228 [internal quotation marks and citation omitted]; see Matter of Nathan O. v Jennifer P., 88 AD3d 1125, 1126 [2011], appeal dismissed and lv denied 18 NY3d 904 [2012]), the burden shifts to respondents to establish why genetic testing would not serve the child's best interests (see Family Ct Act § 532 [a]; Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d 1133, 1134 [2006]; Prowda v Wilner, 217 AD2d at 289).[FN3]
In determining whether respondents have met their burden in this regard, the trial court may not rely solely on the presumption of legitimacy, and, instead, must consider the entirety of the circumstances, including such factors as "the child's interest in knowing with certainty the identity of his or her biological father, whether the identity of others who may be proven to be his or her father is known or likely to be discovered, the traumatic effect the testing may have on the child and the impact, if any, that the uncertainty as to paternity might have on the father-child relationship if testing were not ordered" (Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d at 1134; see Matter of Christopher YY. v Jessica ZZ., 159 AD3d at 33; Hammack v Hammack, 291 AD2d 718, 719-720 [2002]; Matter of Anthony M., 271 AD2d 709, 711 [2000]; Prowda v Wilner, 217 AD2d at 290). This list of factors is not exhaustive; consideration may also be given to whether the child's family image would be destroyed, whether he or she would suffer physical and/or emotional harm as a result of identifying a third person as a parent and/or the significant disruption to the stability of the child's existing family unit (see Matter of Christopher YY. v Jessica ZZ., 159 AD3d at 33; Matter of Starla D. v Jeremy E., 95 AD3d 1605, 1607 [2012], lv dismissed 19 NY3d 1015 [2012]).
The testimony at the hearing established that respondents were married at all relevant times, including when the child was conceived and when the child was born. The husband was present at the child's birth and was named on the child's birth certificate as the father. Since the birth of the child, who was three years old at the time of the hearing, it is undisputed that the husband has taken an active role as a parent and has developed a strong and loving bond with the [*3]child [FN4]. The mother testified that she believes the husband to be the child's biological father and, to date, the husband is the only father that the child has known. Although petitioner's expert and the school social worker who testified on respondents' behalf disagreed on the ultimate question of whether genetic testing should be performed, petitioner's expert specifically qualified his recommendation, stating that, although he believed genetic testing should be performed, he "would not want that to suddenly mean that the child has to find [the results] out" and opined that, to do so at such a young age, would be "ill-advised" and that any such revelation should occur sometime "within [10] years" and "before puberty," with the aid of "counseling or consultation." Meanwhile, the social worker opined that, given the child's young age, it would be confusing, traumatic and potentially disruptive to his development and ability to form proper attachments throughout the rest of his life should such information be revealed at the present time. Family Court also appropriately considered the hostility that petitioner harbors toward respondents in determining that granting petitioner's application would only serve to create uncertainty and unnecessarily disrupt the child's otherwise stable, loving and established family dynamic [FN5]. Accordingly, given the presumption of legitimacy that applies and the evidence presented at the hearing, we discern no error in Family Court's determination that it was not in the child's best interests to grant petitioner's request for genetic testing (see Family Ct Act § 532 [a]; Matter of Dustin G. v Melissa I., 69 AD3d 1019, 1019-1020 [2010], lv denied 14 NY3d 708 [2010]; Matter of Savel v Shields, 58 AD3d 1083, 1084 [2009]; Hammack v Hammack, 291 AD2d at 719-720).
We also discern no error in Family Court's issuance of an order of protection in favor of respondents. The record establishes that the relationship between petitioner and respondents was rife with hostility. Petitioner admitted to, among other things, writing an accusatory letter to the husband's employer accusing him of selling drugs and lodged additional accusations of drug use, physical abuse and rape against the husband during the hearing, which accusations both respondents denied. Thus, given the contentious nature of the parties' relationship, the child's interest in preserving the stable, loving, family dynamic that he has come to know and rely upon and according deference to Family Court's factual findings and credibility determinations, we find ample support in the record for Family Court's issuance of the subject order of protection (see Family Ct Act § 551; cf. Matter of Pointer v Hardenbergh, 162 AD3d 1159, 1159-1160 [2018]; Matter of Bronson v Bronson, 23 AD3d 932, 933 [2005]).
Lynch, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Petitioner subsequently filed an amended paternity petition in May 2015.

Footnote 2: Respondents had another child in 2016 that is not subject to this proceeding.

Footnote 3: Although a court may also impose equitable estoppel to preclude genetic testing "to protect the status interests of a child in an already recognized and operative parent-child relationship" (Matter of Shondel J. v Mark D., 7 NY3d 320, 327 [2006] [internal quotation marks and citation omitted]; see Matter of John J. v Kayla I., 137 AD3d 1500, 1501 [2016]; Matter of Dustin G. v Melissa I., 69 AD3d 1019, 1019-1020 [2010], lv denied 14 NY3d 708 [2010]), inasmuch as the child was less than two months old when petitioner filed his petition requesting genetic testing, we agree with petitioner that, under the present circumstances, the principles of equitable estoppel should not apply (see Matter of Gutierrez v Gutierrez-Delgado, 33 AD3d at 1135; compare Matter of Christopher YY. v Jessica ZZ., 159 AD3d at 31).

Footnote 4: Petitioner conceded at the hearing that respondents "are doing a fantastic job" raising the child.

Footnote 5: We note that the attorney for the child has advocated against genetic testing (compare Matter of Anthony M., 271 AD2d 709, 711 [2000]).