Matter of Luis V. v Laisha P. T. (2020 NY Slip Op 03235)





Matter of Luis V. v Laisha P. T.


2020 NY Slip Op 03235


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-04807
 (Docket No. P-22142-17)

[*1]In the Matter of Luis. (Anonymous), appellant, 
v
Laisha P. T. (Anonymous), et al., respondents.


Kyle Sosebee, Brooklyn, NY, for appellant.
Christian P. Myrill, Jamaica, NY, for respondent Laisha P. T.
Janis A. Parazzelli, Floral Park, NY, for respondent Joseph T.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5, Luis V. appeals from an order of the Family Court, Queens County (Diane Costanzo, J.), dated April 3, 2019. The order, after a hearing, denied Luis V.'s petition for a declaration that he is the father of the subject child and dismissed the proceeding.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
On November 1, 2017, the petitioner, who is incarcerated, filed a petition for a declaration that he is the father of the subject child, who was born in 2016, and an order for genetic testing. The attorney for the child and the respondent mother did not dispute that the petitioner was the biological father, but opposed the petition on equitable estoppel grounds. After a hearing, the Family Court denied the petition, and dismissed the proceeding. The court determined that the petitioner was equitably estopped from asserting paternity because it would not be in the child's best interests, as the child had an established parent-child relationship with the mother's husband, the respondent Joseph T. The petitioner appeals.
"The purpose of equitable estoppel is to preclude a person from asserting a right after having led another to form the reasonable belief that the right would not be asserted, and loss or prejudice to the other would result if the right were asserted" (Matter of Shondel J. v Mark D., 7 NY3d 320, 326). The doctrine of equitable estoppel may "preclude a man who claims to be a child's biological father from asserting his paternity when he acquiesced in the establishment of a strong parent-child bond between the child and another man" (id. at 327). " The doctrine in this way protects the status interests of a child in an already recognized and operative parent-child relationship'" (Matter of Felix M. v Leonarda R.C., 118 AD3d 886, 886, quoting Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 5 [internal quotation marks omitted]), and has been applied "[i]n situations where an individual has assumed the role of a father and where the petitioner putative [*2]father has neglected to assume such a role" (Matter of Felix O. v Janette M., 89 AD3d 1089, 1090 [internal quotation marks omitted]). "[T]he issue does not involve the equities between the two adults; the case turns exclusively on the best interests of the child" (Matter of Thomas T. v Luba R., 148 AD3d 912, 913 [internal quotation marks omitted]).
We agree with the petitioner that the respondents failed to demonstrate the existence of an operative parent-child relationship between the child and Joseph T. The only evidence of such a relationship came from the child's foster mother, with whom he has lived since he was one year old. The foster mother testified that the child called Joseph T. "daddy" during weekly supervised visits, and that they were affectionate with each other at the visits (see Matter of John J. v Kayla I., 137 AD3d 1500, 1502). Indeed, Joseph T. never appeared in court on the petition and did not testify at the hearing. Further, we disagree with the Family Court that the petitioner acquiesced in the establishment of a relationship between the child and Joseph T. The petitioner testified at the hearing that, until the child was removed from the mother's care, he did not know she was married to Joseph T. Additionally, the petitioner commenced the instant paternity proceeding approximately one month after he learned that his paternity was not established (see Matter of Michael S. v Sultana R., 163 AD3d 464, 476). Thus, we find that Joseph T. and the child were not in a recognized and operative parent-child relationship, and that the court should have dismissed the equitable estoppel defense (see Matter of Dwayne H. v Chaniece T., 160 AD3d 857, 858; Matter of John J. v Kayla I., 137 AD3d at 1502).
The respondents' remaining contention is not properly before this Court.
Accordingly, we reinstate the petition and remit the matter to the Family Court, Queens County, for further proceedings on the petition.
DILLON, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court