Matter of Darrell RR. v Donaisha SS. (2023 NY Slip Op 02361)

Matter of Darrell RR. v Donaisha SS.

2023 NY Slip Op 02361

Decided on May 4, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 4, 2023

535084
[*1]In the Matter of Darrell RR., Respondent,
v
Donaisha SS., Appellant.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Veronica Reed, Schenectady, for appellant.
Sandra M. Colatosti, Albany, for respondent.
Trinidad M. Martin, Glens Falls, attorney for the child.

Aarons, J.
Appeal from an order of the Family Court of Schenectady County (Kevin A. Burke, J.), entered March 8, 2022, which, in a proceeding pursuant to Family Ct Act article 5, ordered genetic marker testing for the purpose of establishing petitioner's paternity of a child born to respondent.
Respondent (hereinafter the mother) is the mother of a child (born in 2017). At the time of her pregnancy, the mother and petitioner were involved in a romantic relationship together. After the child was born, however, petitioner did not sign the birth certificate. The relationship between petitioner and the mother thereafter ended, with the mother subsequently getting married to another person in March 2018. Petitioner commenced this proceeding in November 2020 seeking to establish paternity of the child. The mother opposed and alleged the affirmative defense of equitable estoppel. Following a hearing, Family Court, in a March 2022 order, dismissed the mother's equitable estoppel defense and ordered genetic marker testing. The mother appeals.[FN1]
Genetic marker testing shall not be ordered when a court finds that "it is not in the best interests of the child on the basis of res judicata, equitable estoppel, or the presumption of legitimacy of a child born to a married woman" (Family Ct Act § 532 [a]). The doctrine of equitable estoppel "has been used to prevent a biological father from asserting paternity rights when it would be detrimental to the child's interests to disrupt the child's close relationship with another father figure" (Matter of Juanita A. v Kenneth Mark N., 15 NY3d 1, 6 [2010]; see Matter of John J. v Kayla I., 137 AD3d 1500, 1501 [3d Dept 2016]). As the party asserting equitable estoppel, the mother bears the initial burden of establishing that a parent-child relationship existed between her husband and the child (see Matter of John D. v Carrie C., 202 AD3d 1355, 1357 [3d Dept 2022]). If satisfied, the burden then shifts to petitioner to show that it was in the child's best interests to order genetic marker testing (see id.).
The record supports Family Court's finding that the mother failed to satisfy her prima facie burden. Although the mother testified at the hearing that her husband interacted with the child on a daily basis and provided emotional and financial support to the child, she only did so in a conclusory manner. Her husband's testimony that he interacted with the child and provided financial support was also lacking in specific details sufficient to show a significant relationship between him and the child. In view of the foregoing, the court correctly dismissed the mother's equitable estoppel defense (see Matter of John D. v Carrie C., 202 AD3d at 1359-1360; Matter of Patrick A. v Rochelle B., 135 AD3d 1025, 1028 [3d Dept 2016], lv dismissed 27 NY3d 957 [2016]; Matter of Starla D. v Jeremy E., 95 AD3d 1605, 1607 [3d Dept 2012], lv dismissed 19 NY3d 1015 [2012]).[FN2] To the extent that the mother contends that the attorney for the child [*2]at the hearing improperly substituted judgment for the child, such contention is unpreserved in the absence of a motion to remove the attorney for the child (see Matter of Susan II. v Laura JJ., 176 AD3d 1325, 1329 [3d Dept 2019], lv denied 34 NY3d 909 [2020]).
Clark, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The March 2022 order is a nondispositional order and, therefore, no appeal as of right lies therefrom (see Family Ct Act § 1112 [a]). We nonetheless treat the mother's notice of appeal as a motion for leave to appeal and grant it.

Footnote 2: Even if the mother had carried her burden, there is no indication in the record that Family Court's decision to order genetic marker testing would be contrary to the best interests of the child (see Matter of Mark T. v Joyanna U., 70 AD3d 1068, 1070 [3d Dept 2010], lv denied 15 NY3d 715 [2010]).